IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BR Consulting, Inc.,<br><br>         Plaintiff,<br><br>    vs.<br><br>Zhibin Zhong @ newdahn.com and<br>Gregory Lee @ cleandahn.com,<br><br>         Defendants. | CV 06-1504 PCT PGR<br><br>ORDER SETTING SCHEDULING<br>CONFERENCE |

Pursuant to LRCiv 16.2, this action is designated a **standard track** case.[1] Accordingly,

IT IS ORDERED that:

(1)  This order shall serve as notice to the plaintiff under Fed.R.Civ.P. 4(m) that the Court shall dismiss this action without further notice with respect to any defendant for whom there is not a proper return of service on file

---

[1] The Local Rules for the District of Arizona, as amended, effective December 1, 2005, may be found at **www.azd.uscourts.gov**.  The Court expects counsel and unrepresented parties to familiarize themselves with the Local Rules as the Court will enforce them.
     Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, **and is NOT to be used as a means of communicating with Chambers' staff.**

establishing that service of process was accomplished within 120 days of the filing of the complaint, unless the plaintiff has filed prior to the expiration of the 120-day service period a motion requesting an extension of time to accomplish service, or unless Rule 4(m) is not applicable because service must be effectuated in a foreign country.

(2) **THE LIMITATION ON THE COMMENCEMENT OF FORMAL DISCOVERY SET FORTH IN FED.R.CIV.P. 26(d) IS WAIVED - FORMAL DISCOVERY NOT ONLY MAY COMMENCE AT ANY TIME AFTER SERVICE OF PROCESS, BUT THE COURT EXPECTS DISCOVERY TO COMMENCE PRIOR TO THE SCHEDULING CONFERENCE.**

(3) Pursuant to Fed.R.Civ.P. 16(a), **a Scheduling Conference is set for Monday, November 6, 2006, at 1:30 p.m.**, in Courtroom 601 of the Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003. The parties are directed to Rule 16 for the objectives of this conference. **Lead counsel, or the parties if unrepresented, shall appear in person at the Scheduling Conference**. At least one attorney for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

(4) The parties are directed to meet, either in person or by telephone, at least <u>14 days</u> before the date for filing the Joint Case Management Report to confer regarding:[2]

---

[2] The provisions of paragraphs (4) and (5) of this Order are expressly intended to modify the provisions of Fed.R.Civ.P. 26(f) regarding the meeting of counsel and the filing of a proposed discovery plan.

2

1         A.   The possibility of voluntarily consenting to
2  proceed before a United States Magistrate Judge pursuant to
3  28 U.S.C. § 636(c) for all further purposes, including but not
4  limited to the conducting of a jury or non-jury trial and the
5  entry of final judgment, and the suitability of the action for
6  referral to an alternative dispute resolution mechanism,
7  pursuant to LRCiv 83.10;
8         B.   Any matters relating to jurisdiction, venue or
9  joinder of additional parties;
10        C.   The scope of discovery and possible limitations
11 thereof, including any suggested changes in the limitations on
12 discovery imposed by the Federal Rules of Civil Procedures.
13 The parties are expected to minimize the expense of discovery
14 whenever possible.  In cases in which dispositive motions will
15 be filed, the parties should consider limiting discovery to the
16 issue at hand until the Court has ruled on the motion;
17        D.   A schedule of all pretrial proceedings, including
18 a trial date, an estimate of the length of trial, and any
19 suggestions for shortening trial;
20        E.   Prospects for settlement, including whether the
21 parties wish to have a settlement conference before a
22 magistrate judge; and
23        F.   Any matters which the parties may feel will help
24 dispose of the matter in an efficient and economical manner.
25     (5) **THE PARTIES SHALL FILE WITH THE COURT, NOT LESS THAN**
26 **FOURTEEN (14) CALENDAR DAYS BEFORE THE SCHEDULING CONFERENCE, A**
27 **"JOINT CASE MANAGEMENT REPORT" REFLECTING THE RESULTS OF THEIR**
28

1 **DISCUSSIONS.**[3] The Joint Case Management Report shall be personally signed in compliance with Fed.R.Civ.P. 11(a) by an <u>attorney of record</u> for each party, or by the party himself if the party is unrepresented; <u>no counsel or party shall sign the Joint Case Management Report on behalf of an opposing counsel or party</u>.  The Joint Case Management Report shall include individually lettered brief statements, set forth in the following order, indicating:

   A.   The nature of the case, setting forth the factual and legal bases of the plaintiff's claims and the defendant's defenses in <u>sufficient detail</u> such that the Court need not refer to the parties' pleadings to understand what the case is about;

   B.   The jurisdictional basis of the case, citing specific statutes;

   C.   The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

   D.   The parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance.  <u>Unless counsel can otherwise show cause, a proposed order or notice of voluntary dismissal shall accompany the joint report dismissing any party, including a fictitiously-named party, which has not been served, or seeking</u>

---

[3] For purposes of the Court's CM/ECF system, the Joint Case Management Report is to be e-filed under the heading of "Report re: Rule 26(f) Planning Meeting."

4

1 <u>entry of default and default judgment on any non-appearing</u>
2 <u>party</u>;
3   E. The names of parties not subject to the Court's
4 jurisdiction;
5   F. What formal or informal discovery has been done
6 and, if none, the reasons <u>justifying</u> the lack of discovery;
7   G. Whether there are further dispositive or
8 partially dispositive issues to be decided by pretrial motions,
9 and the legal issues about which any pretrial motions are
10 contemplated;
11   H. Whether the parties will consent to have a United
12 States Magistrate Judge preside over all further proceedings,
13 including trial and the entry of judgment, or to have the case
14 referred to an alternative dispute resolution method;
15   I. The identity of and status of any related cases
16 pending before other judges of the District of Arizona or
17 before any other federal, state, or municipal court (see
18 LRCiv 42.1(a)(1) for meaning of relatedness), and, if a related
19 case exists, how the cases are related, and, if the related
20 case is another federal district court case, whether a motion
21 to consolidate or transfer has been filed and if none, the
22 reasons <u>justifying</u> the lack of such a motion;
23   J. Proposed deadlines for (1) filing motions
24 pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings and
25 motions to join additional parties; (2) exchanging initial
26 disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and disclosing

1  expert witnesses and their reports pursuant to Fed.R.Civ.P.
2  26(a)(2); (3) completing expert witness depositions;
3  (4) completing discovery; (5) filing dispositive motions; and
4  (6) filing a Joint Pretrial Statement. (**Specific dates, i.e. a**
5  **month, day, and year** - not x days before trial, etc. - for
6  these deadlines must be included in the body of the Joint Case
7  Management Report, using the attached form of Scheduling Order
8  as a reference only - do not submit a completed proposed
9  scheduling order.  The proposed dates must not be a federal
10 legal holiday or a weekend.)  If the parties cannot agree on
11 deadlines, separate dates may be submitted for discussion at
12 the Scheduling Conference;
13         K.   Estimated date that the case will be ready for
14 trial, the estimated length of trial, and any suggestions for
15 shortening the trial;
16         L.   Whether a jury trial has been requested, and if
17 the parties differ as to whether a jury trial has been properly
18 requested, the bases for their positions;
19         M.   Whether any settlement negotiations have taken
20 place and the prospects for settlement, including any request
21 to have a settlement conference before another United States
22 District Judge or Magistrate Judge, or other request of the
23 Court for assistance in settlement efforts;
24         N.   In class actions, the proposed dates for class
25 certification proceedings and other class management issues.
26 Such certification will result in the case being reassigned to
27 the **complex track** for case management purposes;
28

        O.   Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the **complex track** for case management purposes; and

        P.   Any other matters which the parties feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

(6)  <u>The plaintiff shall serve a copy of this order on all defendants who have not filed an appearance with the Court, either with service of process or promptly after receipt of this order if service was accomplished prior to such receipt, and shall promptly file a notice of such service.</u>  It shall be the responsibility of the plaintiff to timely initiate the communication necessary to prepare the Joint Case Management Report. **<u>THE PARTIES AND THEIR COUNSEL ARE WARNED THAT APPROPRIATE SANCTIONS MAY BE IMPOSED PURSUANT TO FED.R.CIV.P. 16(f) AND FED.R.CIV.P. 37(b)(2) IF THERE IS A FAILURE TO TIMELY COMPLY WITH THIS ORDER OR IF THERE IS A FAILURE TO ATTEND THE SCHEDULING CONFERENCE.</u>**  If a party or counsel believes that good cause exists to continue the deadline for filing the Joint Case Management Report and the Scheduling Conference date, it shall be that person's responsibility to formally seek such a continuance <u>prior</u> to the date for filing the Joint Case Management Report.[4]

---

[4] In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of <u>any pending motion</u> unnecessary.

7

1     (7)   After the Scheduling Conference, the Court will enter
2  a Scheduling Order, which shall control the course of this
3  action, unless modified by subsequent order.  This Court views
4  this Scheduling Conference as critical to its case management
5  responsibilities and those of the parties, and the parties are
6  cautioned that the <u>deadlines set at this conference shall be
7  enforced and that no amendments to the Scheduling Order shall
8  be made without a court order</u>.
9     (8)   **The parties shall satisfy the filing requirement of
10 Fed.R.Civ.P. 26(a)(4) by filing with the Clerk of the Court a
11 notice of disclosure - no copies of any actual disclosures
12 shall be filed with the Court. (See LRCiv 5.2).**
13     DATED this 28th day of June, 2006.

                            _____
                            Paul G. Rosenblatt
                            United States District Judge

```
 1
 2
 3
 4
 5
 6              IN THE UNITED STATES DISTRICT COURT
 7                 FOR THE DISTRICT OF ARIZONA
 8
 9
10 Xxxxx,                    )
                             )
11          Plaintiff,       )       CV _____ P__ PGR
                            ))
12      vs.                  )
                             )       SCHEDULING ORDER
13 Yyyyy,                    )
                             )
14          Defendant.       )
   _____)
15
16      A Scheduling Conference having been held before this Court
17 on _____,
18      IT IS ORDERED that:
19      (1)  Motions pursuant to Fed.R.Civ.P. 12(b), motions to
20 amend pleadings, and motions to join additional parties shall
21 be filed no later than _____.[5]
22      (2)  Parties shall exchange their respective initial
23 disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file with
24 the Court a notice of such exchange, no later than _____.
25 _____
26      [5]   In order to conserve scarce judicial resources, the parties are
   directed to promptly inform the Court if they are involved in negotiations
27 which they reasonably believe may make the resolution of any pending motion
   unnecessary.
28
```

**EXHIBIT TO ORDER**

1 | The plaintiff shall disclose its expert witnesses, if any, and
2 | their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no
3 | later than _____.  The defendant shall disclose its expert
4 | witnesses, if any, and their reports in compliance with
5 | Fed.R.Civ.P. 26(a)(2)(B) no later than _____.  Expert
6 | witness depositions shall be completed by _____.
7 |         (3)  All discovery, including answers to interrogatories,
8 | shall be completed by _____, and supplemental disclosures
9 | and discovery responses shall thereafter be made as required by
10| Fed.R.Civ.P. 26(e).  Discovery which cannot be timely responded
11| to prior to the discovery deadline will be met with disfavor,
12| and could result in denial of an extension, exclusion of
13| evidence, or the imposition of other sanctions.  Parties are
14| directed to LRCiv 7.2(j), which prohibits filing discovery
15| motions unless the parties have first met to resolve any
16| discovery difficulties.  If parties cannot reach a resolution
17| of discovery disputes arising during depositions, they are
18| directed to arrange a conference call with the Court to resolve
19| the disputes.
20|         (4)  All dispositive motions shall be filed by _____.
21|         (5)  A Joint Pretrial Statement shall be filed by _____.
22| If dispositive motions are filed, then this Joint Pretrial
23| Statement shall be due either on the above date or 30 days
24| following the resolution of the motions, whichever is later.
25| The content of the Joint Pretrial Statement shall include, but
26| not be limited to, that prescribed in a standard form of Joint
27| Pretrial Statement provided to the parties.  The parties shall
28|

1  augment the Joint Pretrial Statement as necessary so it
2  contains all of the pretrial disclosures as defined and
3  required by Fed.R.Civ.P. 26(a)(3).  It shall be the
4  responsibility of the plaintiff to timely initiate the process
5  of drafting the Joint Pretrial Statement and the plaintiff
6  shall submit its draft of the Joint Pretrial Statement to the
7  defendant no later than <u>ten business days</u> prior to the date for
8  filing the Joint Pretrial Statement.
9         (6)  Motions in limine shall be filed no later than the
10 date of filing of the Joint Pretrial Statement.  Responses to
11 motions in limine are due ten business days after service.  No
12 replies are permitted.  The hearing on the motions in limine,
13 if one is permitted by the Court, will take place at the time
14 of the Pretrial Conference.  <u>No motion in limine shall be filed</u>
15 <u>unless a statement of moving counsel is attached thereto</u>
16 <u>certifying that after personal consultation and sincere efforts</u>
17 <u>to do so, counsel have been unable to satisfactorily resolve</u>
18 <u>the matter</u>.
19         (7)  The attorneys for each party who will be responsible
20 for trial of the lawsuit, or the parties if <u>pro per</u>, shall
21 appear and participate in a Pretrial Conference on _____.
22 Because Pretrial Conferences are held for the parties' benefit,
23 and further because the parties' presence will facilitate frank
24 discussion of the pertinent issues in the lawsuit, each party
25 or a representative with binding settlement authority shall
26 attend the Pretrial Conference.  If dispositive motions are
27 filed, the Court will continue the date of the Pretrial
28

3

1 Conference, if one is still necessary, until after the
2 resolution of such motions and the filing of a Joint Pretrial
3 Statement.
4     (8) Selection of a trial date, and directions for filing
5 trial briefs, proposed findings of fact and conclusions of law
6 or proposed jury instructions and voir dire questions, and for
7 marking trial exhibits shall be set forth in an order entered
8 following the completion of the Pretrial Conference.
9     (9) **The parties are cautioned that the deadlines set in**
10 **this Scheduling Order shall be enforced, and that the Court**
11 **will not entertain any stipulations to continue them - any**
12 **request to extend any of the deadlines set herein must be made**
13 **by means of a motion, joint or otherwise, and no such motion**
14 **shall be granted unless very good cause is shown.**

4

```
 1
 2
 3
 4
 5
 6              IN THE UNITED STATES DISTRICT COURT
 7                 FOR THE DISTRICT OF ARIZONA
 8
 9  Xxxxxxxx,                      )
                                   )
10            Plaintiff,           )      CV ____ P__ PGR
                                   )
11        vs.                      )      JOINT PRETRIAL STATEMENT
    Yyyyyyyy,                      )
12                                 )
              Defendant.           )
13  _____)
```

14      Pursuant to the Scheduling Order entered on
15  _____, the following is the parties' Joint Pretrial
16  Statement.
17      **A.  COUNSEL FOR THE PARTIES**.  Include mailing address,
18          office phone and fax numbers.
19      **B.  STATEMENT OF JURISDICTION**.  Cite the facts and the
20          statute(s) which give this Court jurisdiction.
21      **C.  PARTIES REMAINING IN ACTION.** List the parties named
22  in the operative complaint who have not been dismissed from the
23  action.  If any of the remaining parties have not been served,
24  list those parties separately.
25      **D.  CLAIMS/CAUSES OF ACTIONS REMAINING IN ACTION.** List by
26  name and count number (if any) the claims or causes of action
27
28
                                              **EXHIBIT TO ORDER**

in the operative complaint that have not been previously dismissed.

 **E. NATURE OF ACTION.** Provide a concise statement of the type of case, the cause of action, and the relief sought.

 **F. CONTENTIONS OF THE PARTIES.** With respect to each count of the complaint, counterclaim or cross-claim, and to any defense or rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Brief citation to relevant legal authority is required. Statements made shall not be in form of a question but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

 **G. STIPULATIONS AND UNCONTESTED MATERIAL FACTS.**

 **H. CONTESTED ISSUES OF MATERIAL FACT.** Each issue of fact must be stated separately and in specific terms, as must the parties' contentions as to each issue.

 **I. CONTESTED ISSUES OF LAW.** Each issue of law must be stated separately and in specific terms, as must the parties' contentions as to each issue.

 **J. WITNESSES.** List all potential witnesses by name and address, identifying each as either plaintiff's or defendant's, and indicating (1) whether the witness is a fact or expert witness, (2) whether the witness will be called at trial, may be called at trial, or

1  is unlikely to be called at trial, and (3) if outside
2  the Court's subpoena power, whether the witness has
3  been contacted to determine if the witness will
4  voluntarily agree to testify.  A brief statement as
5  to the anticipated testimony of each witness must be
6  included.
7  **K.  LIST OF EXHIBITS.**  Potential exhibits shall be
8  numbered and listed by each party, with a description
9  of each containing sufficient information to identify
10 the exhibit, and indicating as to each exhibit
11 whether the parties have or will agree to its
12 admission or whether an objection is anticipated.
13 The party opposing the admission of any exhibit shall
14 specify the objection and briefly explain the basis
15 for the objection.  Those portions of depositions
16 that will be read at trial must be listed by page and
17 line number, and objections thereto must be
18 specified.
19 **L.  LIST OF PENDING MOTIONS**.  Identify by name and date
20 of filing.
21 **M.  PROBABLE LENGTH OF TRIAL AND WHETHER A JURY TRIAL OR
22 BENCH TRIAL.**  The reason for any dispute as to
23 whether a jury trial was timely requested must be
24 specified.

3

**APPROVED AS TO FORM AND CONTENT:**

_____    _____
Attorney for Plaintiff(s)                Date


_____    _____
Attorney for Defendant(s)                Date

4